**SO ORDERED.**

**SIGNED this 25 day of October, 2013.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION**

IN RE:

LAWRENCE A. FATONE,          CHAPTER 13
                             CASE NUMBER: 13-00081-8-RDD
  DEBTOR


ROBERT F. MCGINNIS,          ADVERSARY PROCEEDING
                             NUMBER: 13-00085-8-RDD
  Plaintiff

  v.

LAWRENCE A. FATONE,

  Defendant.

**ORDER GRANTING MOTION TO DISMISS COMPLAINT
AND GRANTING ORAL MOTION FOR LEAVE TO AMEND COMPLAINT**

Pending before the Court is the Motion to Dismiss and the Accompanying Memorandum of Law (the "Motion to Dismiss") filed by Lawrence A. Fatone (the "Debtor")on July 19, 2013, and the Response to Motion to Dismiss and Supporting Memorandum of Law (the "Response") filed by Robert F. McGinnis (the "Plaintiff") on August 16 2013. On September 10, 2013, the Court conducted a hearing on the Motion to Dismiss and the Response in Raleigh, North Carolina.

On October 13, 2005, Mac Sign Company ("MSC") borrowed money from the Plaintiff and executed a Promissory Note and Security Agreement (the "First Note") in the amount of $300,000.00. On that same date, the Debtor signed a Guarantee guaranteeing the First Note. Under the terms of the First Note, MSC was to make payments until paid in full. On May 13, 2012, MSC defaulted under the terms of the First Note and the Debtor defaulted under the terms of the Guarantee. On October 13, 2005, MSC borrowed money from the Plaintiff and executed a Promissory Note (the "Second Note") in the amount of $69,006.55. Under the terms of the Second Note, MSC was to make payments until paid in full. In January of 2012, MSC defaulted under the terms of the Second Note.

On August 31, 2012, Plaintiff brought suit in the District Court of Cumberland County, North Carolina to collect on the debt owed to Plaintiff, bearing case number 12 CVD 7754. The court hearing the case ordered the parties to attend mediation. On December 4, 2012, the mediation occurred and the Plaintiff and the Debtor entered into a Mediated Settlement Agreement (the "Agreement"). Under the terms of the Agreement, the Debtor agreed that he would execute a modification of loan agreement setting forth that $200,000.00 was owed to the Plaintiff with interest at six percent (6%) per year. Furthermore, the Agreement provided that the Debtor would substitute himself for MSC for all obligations and instruments executed by MSC dated October 13, 2005. Pursuant to the Agreement, the Debtor and the Plaintiff agreed that the Debtor would execute a Confession of Judgment in the amount of $200,000.00. The Debtor executed the Modification Agreement on December 17, 2012 and agreed to a repayment schedule as follows: payments of $1,500.00 per month for twelve months; $2,500.00 per month for twelve months; and $3,000.00 per

month until paid in full.  Lawrence A. Fatone (the "Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on January 4, 2013.

On April 30, 2013, the Plaintiff filed Proof of Claim No. 7-1 ("Claim 7") in the Chapter 13 bankruptcy proceeding.  Claim 7 was filed as a secured claim in the amount of $201,131.51, based on money loaned.  The Debtor's proposed Chapter 13 Plan seeks to treat Claim 7 as an unsecured claim. Under the terms of the Debtor's proposed Chapter 13 plan, unsecured claimants are to receive no payment on their claims.

The Plaintiff commenced this adversary proceeding on May 15, 2013 with the filing of the complaint against the Debtor.  Pursuant to his complaint, the Plaintiff requests that the Court deny the Debtor's discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. §523 (a)(2)(B) and award a monetary judgment in the amount of $201,131.51, plus contract rate interest to date of judgment, to continue to accrue post judgment.  The Plaintiff alleges that the Debtor's representations, actions and/or conduct during the course of the mediation conference held on December 4, 2012, constitute false pretenses, false representations, or actual fraud. Further, the Plaintiff alleges, that the Debtor's agreement to, and execution of the Agreement, Modification Agreement, and Confession of Judgment (collectively referred to hereafter as the "Documents") constitute statements in writing that are materially false, respecting the Debtor's intent and ability to repay the Plaintiff.

On July 19, 2013, the Debtor filed a Motion the Dismiss, requesting the Court dismiss the Plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

In response, the Plaintiff contends the complaint sets forth factual allegations which establish sufficient facts to state a claim of relief that is plausible on its face.

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Angell v. Ber Care, Inc. (In re Caremerica, Inc.)* 409 B.R. 737, 745 (Bankr. E.D.N.C. July 23, 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed. 2d 929 (2007)). There are "two working principles" upon which the heightened pleading standard rests:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.
>
> *Id.* at 747 (quoting *Iqbal*, at 1949).

Section 523(a)(2)(A) and Section 523(a)(2)(B) of the Bankruptcy Code provide in relevant part:

> (a) a discharge under section [1328(b)] of this title does not discharge an individual debtor from any debt -
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by -
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
> (B) use of a statement in writing -
> (i) that is materially false;
> (ii) respecting the debtor's or an insider's financial condition;
> (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
> (iv) that the debtor caused to be made or published with intent to deceive . . .

11 U.S.C. § 523(a)(2)(A); 11 U.S.C. § 523(a)(2)(B).

Federal Rule of Civil Procedure 9(b) provides that "in all averments of fraud or mistake, the circumstance constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P 9(b). To comply with this particularity requirement, a plaintiff must plead the "time, place, and contents of the alleged fraudulent representation, as well as the identity of each person making the misrepresentation and what was obtained thereby." *Riley v. Murdock*, 828 F.Supp. 1215,1225 (E.D.N.C. 1993). "[A] mere promissory representation will not be sufficient to support an action for fraud [unless] . . . it is made with intent to deceive the promisee, and the promisor, at the time of making it, has no intent to comply." *Johnson v. Phoenix Mut. Life Ins. Co.*, 300 N.C. 247, 255, 266 S.E.2d 610, 616 (N.C. 1980) (internal citations omitted). The Plaintiff must allege that the Debtor made the representation with an intent to deceive and that the Plaintiff justifiably relied on the representation. *Schatz v. Livermore*, (*In re Livermore*), 2013 WL 1316549 *4 (Bankr. N.D.Ill. April 3, 2013) (citing *Ojeda v. Goldberg*, 599 F.3d 712, 716-17 (7th Cir. 2010)). Generally, a debtor's false contractual promise will not support a Section 523(a)(2)(A) claim. *Id.* (citing *Rezin v. Barr* (*In re Barr*), 194 B.R. 1009, 1017-18 (Bankr. N.D. Ill. 1996)).

The Plaintiff alleges that the Debtor's act of participating in the mediation, signing the Documents and the Chapter 13 bankruptcy petition are all representations and circumstances supporting the allegations of false pretenses, false representation, or actual fraud. The complaint fails to allege facts suggesting that the Debtor participated in the mediation and signed the Documents and the Chapter 13 bankruptcy petition not intending to pay the debt to the Plaintiff. There are insufficient facts to raise a plausible inference of intent to not pay when the agreements

were signed.[1]  Just because the Debtor filed a Chapter 13 bankruptcy petition approximately one month after participating in the mediation and signing the Documents does not constitute sufficient facts to give rise to a plausible inference that the Debtor with intent to deceive, entered into the agreements with no intention to pay the debts.  These threadbare recitals of the elements do not

---

[1]The two causes of action as stated in the complaint are as follows:

### First Cause of Action

14. Plaintiff hereby realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 13 of this Complaint.
15. Under the terms of the Agreement, [Debtor] agreed that [Debtor] owed Plaintiff $200,000.00, bearing interest at six per cent (6%) per year. [Debtor] further agreed to a repayment schedule as detailed in Exhibit "D." [Debtor] also agreed that [Debtor] would substitute himself for MSC for all obligations and instruments executed by MSC dated October 13, 2005.
16. As part of the Mediated Settlement, the Parties also agreed to execute a Modification Agreement, a true and correct copy is attached hereto and incorporated herein by reference as **Exhibit "E;"** and a Confession of Judgment, a true and correct copy of which is attached hereto and incorporated herein by reference as **Exhibit "F."**
17. The Modification of the debts owed by [Debtor] to Plaintiff constitutes an extension, renewal or refinancing of credit.
18. Upon information and belief, [Debtor]'s representations, actions, and/or conduct during the course of the mediation conference held on or about December 4, 2012, constitute false pretenses, false representations, or actual fraud upon which Plaintiff reasonably relied, which induced Plaintiff to agree to the extension, renewal, or refinancing of the debts owed to Plaintiff by [Debtor].
19. [Debtor]'s conduct has damaged Plaintiff.
20. [Debtor] should be denied a discharge of the Debt owed by [Debtor] to Plaintiff as evidenced by Court Claim Number 7, attached hereto and incorporated herein by reference as **Exhibit "G."**

### Second Cause of Action

21. Plaintiff hereby realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 20 of this Complaint.
22. The Modification of the debts owed by [Debtor] to Plaintiff constitute an extension, renewal, or refinancing of credit.
23. [Debtor]'s agreement to, and execution of the Agreement (Exhibit "D"), Modification Agreement (Exhibit "E"), and Confession of Judgment (Exhibit "F") constitute statements in writing that were materially false, respecting [Debtor]'s intent and ability to repay Plaintiff.
24. Plaintiff reasonably relied on [Debtor]'s misrepresentations which induced Plaintiff to extend, renew, or refinance the debt owed to Plaintiff, by [Debtor].
25. [Debtor] intended for Plaintiff to rely on those misrepresentations in order to obtain Plaintiff's agreement to extend, renew, or refinance the debt owed by [Debtor] to Plaintiff.
26. [Debtor]'s conduct damaged Plaintiff.
27. [Debtor] should be denied a discharge of the Debt owed by [Debtor] to Plaintiff as evidenced by Court Claim Number 7.

suffice. The Plaintiff failed to allege any false representation made as part of the mediation or made in any of the written agreements or any other factual information that the Debtor's conduct rises to the level of false pretenses, a false representation, or actual fraud.

Further, the Court finds that the complaint fails to allege sufficient facts to support the allegations that the Plaintiff reasonably relied on the Debtor's misrepresentations, actions, and/or conduct during the course of the mediation conference held on December 4, 2012. The complaint provides that the Plaintiff reasonably relied on Debtor's misrepresentations which induced Plaintiff to extend, renew, or refinance the debt owed to Plaintiff, by Debtor. The complaint fails to indicate any specific misrepresentations that were reasonably relied upon.

Because the Court finds the complaint fails to allege sufficient factual allegations as to state a claim under 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(2)(B) the Motion to Dismiss is **GRANTED**, without prejudice. The Court grants the Plaintiff's oral motion for leave to amend the complaint. The Court grants the Plaintiff twenty-one (21) days from the date of the entry of this order in which to file an amended complaint. Once the Plaintiff has filed an amended complaint, the Debtor shall have twenty-one (21) days to file an answer or other responsive pleading.

**SO ORDERED.**

**END OF DOCUMENT**